**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY SPINALE, | |
| Petitioner, | 06 Civ. 01320 (RCC) |
| - against - | MEMORANDUM & ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**RICHARD CONWAY CASEY, United States District Judge:**

On February 21, 2006, Anthony Spinale ("Petitioner") filed a motion pursuant to 28 U.S.C. § 2255 to correct his August 24, 2001 sentence of 5 years probation plus 12 months home confinement, 150 hours community service, a fine of $30,000 (thirty thousand dollars) and special assessment of $100 (one hundred dollars). Petitioner moves to correct his sentence under 28 U.S.C. § 2255(4). For the following reasons, Petitioner's motion is **DENIED**.

**I.  BACKGROUND**

On April 28, 2000, Petitioner, upon the advice of his counsel, Glenn Morak ("Morak"), pled guilty to a nine count indictment for bribery of a public official and was sentenced on August 21, 2001. Bribery of a public official carries with it a penalty of up to 15 years imprisonment, the greater fine of $250,000 (two hundred and fifty thousand dollars) or three times the value of the bribe, 3 years supervised release, and a mandatory $100 (one hundred dollar) special assessment. The adjusted offense level for Petitioner was 13 under the 2000 Federal Sentencing Guidelines, with a criminal history category of I. The applicable guideline range of imprisonment was 12 to 18 months, and Petitioner was not eligible for probation. In consideration of the totality of the circumstances including Petitioner's physical infirmities, age,

and business responsibilities, the Court granted a downward departure and imposed 12 months home confinement in addition to 5 years probation, 150 hours community service, a fine of $30,000 (thirty thousand dollars) and special assessment of $100 (one hundred dollars).

Petitioner was dissatisfied with the sentence and thereafter retained new counsel, Vincent Romano ("Romano"), in order to advise Petitioner's general counsel, Linda Strumpf ("Strumpf"), on the relevant criminal appellate procedure. While preparing the notice of appeal, Strumpf discovered that the statute of limitations for an appeal had already expired, though Romano had not notified her of that fact. Neither Petitioner nor his general counsel pursued an appeal further.

On October 1, 2001, Petitioner, by way of Romano, sought modification of his sentence. The Government noted in its October 19, 2001 response that the application was untimely and indicated that the appropriate plan of action for Petitioner would be a § 2255 motion, though Petitioner did not pursue Habeas relief at that time. The Court denied the application as time barred under Rule 35(c) of the 2001 Federal Rules of Criminal Procedure, which limits the period of correction for error to 7 days, and noted that Petitioner had already received a sentence far less harsh than that prescribed by the sentencing guidelines. Petitioner, dissatisfied with Romano's services, demanded that he return half of the retainer, which Romano did.

In July 2005, Petitioner allegedly had a conversation with a friend that resulted in consultation with another attorney who advised him that the 2001 sentence as amended exceeded the sentencing guidelines, which were mandatory at the time of sentencing. This consultation led to the present petition.

## II. DISCUSSION

In moving to correct his sentence pursuant to 28 U.S.C. § 2255, Petitioner makes two separate claims. First he argues the sentence of 5 years probation plus 12 months home confinement exceeds the maximum under the mandatory Federal Sentencing Guidelines of 2000. Specifically, Petitioner seeks to remove the community service condition of his probation. Second, Petitioner claims that the $30,000 (thirty thousand dollar) fine exceeds the maximum by $20,000 (twenty thousand dollars). In support of his motion, Petitioner asserts that by consulting with two separate criminal attorneys during the one year period after the judgment, he exercised the due diligence necessary to qualify for a delayed limitations period under § 2255(4). Section 2255(4) allows the statute of limitations, a one year period typically beginning on the date on which the judgment becomes final, to start running on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(4). Petitioner's claim is without merit.

Section 2255 imposes a one year statute of limitations that typically runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). Here, the amended judgment was filed on August 24, 2001; the petition was not filed until February 21, 2006.

Defendant asserts that rather than the long-expired term of limitations under §2255(1), he qualifies for a delayed running of the limitations period pursuant to 28 U.S.C. § 2255(4). "Due" diligence does not require a level beyond what is "reasonable." Wims v. United States, 225 F.3d 186, 190 (2d Cir., 2000). The court in Wims vacated a district court's dismissal of a § 2255(4) claim where the petitioner had reason to believe that his counsel was filing an appeal but counsel did not do so. Unlike the case at bar, the petitioner in Wims filed a § 2255 claim of ineffective

3

assistance of counsel immediately upon learning the appeal was not filed. Further, the petitioner in that case filed a Habeas petition merely five months after the statute of limitations would otherwise have expired. Here, Petitioner was fully aware that no appeal was being filed on his behalf, at the latest, when he dismissed Romano as counsel in 2001. It is unclear why Petitioner and his general counsel ceased efforts at that point.

Petitioner claims to have met the Wims standard by consulting with two criminal attorneys, both of whom did not meet his expectations for representation by failing to inform him of the possibility of a § 2255 claim. Petitioner equates the point at which he discovered the predicate facts with the point at which he could have done so in order to extend the statute of limitations to allow this petition. Even where Petitioner discovers the predicate facts at a later date, there is no presumption that he had previously exercised due diligence. See id. at 188. Assuming arguendo that the period of limitations extended beyond final judgment and did not run until after Petitioner dismissed the services of Romano, the period has still long since expired. It seems clear that, had Petitioner exercised due diligence, he could have discovered the factual predicate giving rise to this claim before 2005. If Petitioner felt strongly that the sentence was excessive, he should have "diligently investigated the matter" in a timely fashion. Yekimoff v. New York State Div. of Parole, 02 Civ. 8710 (BSJ), 2004 WL 1542256, at *5 (S.D.N.Y. July 8, 2004) (dismissing as untimely Petitioner's 28 U.S.C. §2244(d)(1)(D) habeas claim, which exactly mirrors the due diligence language of 28 U.S.C. § 2255(4)). Dissatisfaction of Petitioner and his general counsel with the services of both Morak and Romano indicates that he had the incentive to investigate further rather than accept his sentence until a chance encounter four years later. Petitioner did not display the reasonable diligence required under §

is thus time barred.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion to correct his sentence pursuant to § 2255 is **DENIED**.

**So Ordered:** New York, New York
July 11, 2006

*Richard Conway*

---
**Richard Conway Casey, U.S.D.J.**